```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF GEORGIA
                     DUBLIN DIVISION
```

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2021 AUG 12 A 11: 39
CLERK
SO. DIS. OF GA.

```
UNITED STATES OF AMERICA    *
                            *
       v.                   *    CR 321-001
                            *
JONATHAN SEAY               *
```

# ORDER

Presently before the Court in the captioned criminal case is Defendant Jonathan Seay's motion to dismiss the Indictment based upon an alleged fatal defect (doc. no. 23) and a motion to dismiss Count Twenty-Two of the Indictment based upon the statute of limitations (doc. no. 24). The Government has opposed both motions. The matter has been fully briefed. Having considered the language of the Indictment, the applicable law, and the parties' briefs, the Court denies both motions to dismiss for the following reasons.

## I. Background

On February 3, 2021, the grand jury returned the Indictment in this case, which charges Defendant with twenty-one counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. (Doc. No. 1.) The factual allegations as announced in the

Indictment are that on December 25, 2015, Defendant, who was a parishioner at Kingdom Hall Church in Telfair County, Georgia, obtained an unauthorized insurance certificate related to a fellow church member, who is identified as Victim A in the Indictment.[1] (Id. ¶¶ 2, 9-10.)  More particularly, Defendant used the name and date of birth of Victim A to apply for the certificate of insurance online with Globe Life and Accident Insurance Company ("Globe Life"), without Victim A or her husband's knowledge or consent. (Id. ¶¶ 11-12.)  Further, Defendant listed himself as the sole beneficiary in the amount of $250,000 on the insurance certificate. (Id. ¶ 13.)  Defendant also falsely listed himself as the brother of Victim A on the application for the certificate of insurance. (Id. ¶ 14.)  In an effort to ensure he received all communications from Globe Life, Defendant used his own mailing address and other contract information, and he paid the monthly premiums on the certificate from his own bank account in the amount of $30 per month.  (Id. ¶¶ 15-16.)

The indictment charges one count of wire fraud for each instance of premium payment beginning on February 29, 2016 and continuing until December 29, 2017 for a total of twenty-one counts.  (Id. ¶¶ 17.)  Count Twenty-Two, the aggravated identity

---

[1] The Indictment further alleges that Victim A had been diagnosed with Amyotrophic Lateral Sclerosis (ALS) in 2015 and that her husband had a general power of attorney to act on her behalf. (Doc. No. 1, ¶¶ 3-4.)

theft charge, alleges that "as early as December 25, 2015 and continuing through at least January 2018, . . . [Defendant] did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the name and date of birth of Victim A, during and in relation to a felony . . . as described in Counts One through Twenty-One of this Indictment." (Id. ¶ 19.)

## II. Motion to Dismiss the Indictment

Defendant moves to dismiss the Indictment, contending that it is fatally defective in failing to identify any actual or intended harm to Victim A or her husband. Defendant continues that there is also no allegation of harm to Globe Life. Accordingly, Defendant argues that the Government has failed to allege facts sufficient to support a charge of wire fraud and the dependent aggravated identity theft charge.

A criminal defendant may move to dismiss an indictment for "failure to state an offense" under Federal Rule of Criminal Procedure 12(b)(3)(B)(v). "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution of the same offense." United States v.

Schmitz, 634 F.3d 1247, 1259 (11th Cir. 2011) (quoting United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009)). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence (sic) intended to be punished." United States v. Garrett, 467 F. App'x 864, 867 (11th Cir. 2012) (quoted source omitted). An indictment that tracks the language of the statute must be accompanied by a statement of "facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged." Russell v. United States, 369 U.S. 749, 765 (1962) (citations omitted). In ruling on a motion to dismiss an indictment, the Court is limited to "reviewing the *face* of the indictment, and more specifically, the *language* used to charge the crimes." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in original). The Court may not dismiss an indictment based upon a determination of facts that should be developed at trial. United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987).

Here, the Court finds the Indictment sufficient because it tracks the language of the wire fraud statute and alleges the essential elements of the offense. The wire fraud statute provides: "Whoever, having devised or intending to devise any

4

scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice," shall be subject to imprisonment. 18 U.S.C. § 1343. The elements of a wire fraud case, therefore, are "(1) intentional participation in a scheme to defraud and (2) use of the interstate wires in furtherance of that scheme." United States v. Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003).

The Indictment in this case tracks the language of 18 U.S.C. § 1343 in charging that Defendant "did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, using the manner and means identified below . . . ." (Doc. No. 1, ¶ 8.) The Indictment then offers the following scheme to defraud: Defendant's intentional use of the name and birth date of Victim A to obtain the certificate of insurance without her knowledge or consent for the purpose of becoming the sole beneficiary; his intentional false representation that he was Victim A's brother; and the provision of his own contact information presumably to avoid detection. It further provides that Defendant paid the premiums by means of wire transmissions in furtherance of this scheme. Thus, the elements

5

of the crime of wire fraud appear in the instant Indictment. The statute does not refer to actual or intended harm to the victim as an element of the offense.

In support of his argument that actual or intended harm is a necessary element to the crime of wire fraud, Defendant cites to United States v. Takhalov, 827 F.3d 1307 (11th Cir. 2016). In Takhalov, the Eleventh Circuit addressed the meaning of "defraud" in review of the district court's refusal to give a proposed jury instruction at trial. The court differentiated between schemes to "defraud" and schemes to "deceive," the latter of which do not violate the wire fraud statute. More specifically, the Eleventh Circuit stated that a defendant "'schemes to defraud' only if he schemes to 'depriv[e] [someone] of something of value by trick, deceit, chicane, or overreaching.'" Id. at 1312-13 (quoting United States v. Bradley, 644 F.3d 1213, 1240 (11th Cir. 2011) (alteration in original). It further explained the "if a defendant does not intend to harm the victim–'to obtain, by deceptive means, something to which [the defendant] is not entitled'–then he has not intended to defraud the victim." Id.

Takhalov is procedurally distinguishable from the present case, however, because it involved a post-trial review of a jury instruction not given, whereas here Defendant seeks pre-trial dismissal of the Indictment. In Takhalov, the Eleventh Circuit had to review the evidence presented at trial to decide whether

the requested jury instruction was appropriate. See id. at 1310-11. This Court's review of whether the Indictment sufficiently states an offense, however, is limited to the four corners of the Indictment. The Court may not analyze or predict the anticipated evidence related to Defendant's intent to defraud and decide whether he could be found guilty beyond a reasonable doubt of wire fraud at this stage. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." (quoted source omitted)). Instead, the Court may only determine whether the Indictment alleges the elements of the crime sufficient to put Defendant on notice of the charges and to enable him to plead double jeopardy as a bar to future prosecution for the same offense. The Court concludes that the instant Indictment suffices for these purposes. Accordingly, Defendant's motion to dismiss the Indictment (doc. no. 23) is **DENIED**.

### III. Motion to Dismiss Count Twenty-Two

As to Count Twenty-Two, the aggravated identity theft charge, Defendant argues that it is barred by the statute of limitations. Pursuant to 18 U.S.C. § 3282, an indictment for a non-capital offense must be found within five years after the offense is committed except as otherwise provided by law. Thus, prosecution

7

for aggravated identity theft must commence within five years of the commission of the offense.

The Indictment in this case provides that "[b]eginning as early as December 25, 2015 and continuing through at least January 2018, . . . [Defendant] did knowingly possess and use, without lawful authority, the means of identification of another person, that is the name and date of birth of Victim A, during and in relation to [the wire fraud counts]." (Doc. No. 1, ¶ 19.) Thus, the time frame expressed in the Indictment, i.e., through January 2018, is within five years from the filing of the Indictment, which was on February 3, 2021.

Defendant complains that a previous indictment against him on the same allegations charged that the aggravated identity theft occurred "[o]n or about December 25, 2015." (See United States v. Seay, Case No. 3:19-CR-07 (S.D. Ga. June 4, 2019), Doc. No. 1, ¶ 16.) Defendant further points out that the instant Indictment provides that "on or about December 25, 2015" Defendant caused the creation of the certificate of insurance with Globe Life. (See Doc. No. 1, ¶ 9.) Defendant would therefore ask this Court to find that the aggravated identity theft charge occurred more than five years prior to the filing of the Indictment in this case, i.e., on or about December 25, 2015. Again, the Court's review is limited to the four corners of the Indictment. Upon review of the Indictment, the aggravated identity theft charge contains a time

8

frame that falls within the five-year window. Thus, the charge is not clearly barred by the statute of limitations. Defendant's motion to dismiss Count Twenty-Two of the Indictment (doc. no. 24) is therefore **DENIED**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 12th day of August, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court need not decide and expresses no opinion on whether aggravated identity theft is a continuing offense, as argued by the Government.